# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WAH SING (US) TRADING ) | |
| LIMITED, LLC D/B/A EASYBIT, ) | Civil Action |
| ) | No. 1:16-cv-0504 SCJ |
| **Plaintiff,** ) | |
| ) | |
| DEDRIC DUNCAN, ) | |
| ) | |
| **Defendant.** ) | |

## NOTICE OF INTENT TO SERVE SUBPOENA

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff, by and through its undersigned counsel, hereby provides notice that it will serve the attached Subpoena directed to Nonparty Torch Ventures LLC.

This 8th day of April, 2016.

**TAYLOR ENGLISH DUMA LLP**

*/s/Eric S. Fisher*
Michael Eric Ross
GA Bar No. 615190
Eric S. Fisher
GA Bar No. 250428
Taylor English Duma, LLP
1600 Parkwood Circle, Suite 400
Atlanta, GA 30339
Telephone: (770) 434-6868
Facsimile: (770) 434-7376
mross@taylorenglish.com
efisher@taylorenglish.com

*Counsel for Plaintiff Wah Sing (US) Trading Limited, LLC d/b/a EasyBit*

## .**LOCAL RULE 7.1D CERTIFICATION**

I hereby certify that the foregoing complies with the font and point requirements of LR 5.1, to wit, this brief was prepared in Times New Roman font, 14-point type.

**TAYLOR ENGLISH DUMA LLP**

*/s/Eric S. Fisher*
Eric S. Fisher
GA Bar No. 250428

*Counsel for Plaintiff*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effectuate service of same upon the following attorneys of record:

> Michael Jordan Lober
> Lober, Dobson & Desai, LLC
> 3410 Overland Drive
> Roswell, GA 30075
> Telephone: 678-461-9800
> Facsimile: 678-461-9944
> mjlober@lddlawyers.com
>
> *Counsel for Defendant*

This 8th day of April, 2016,

> */s/Eric S. Fisher*
> Eric S. Fisher
> GA Bar No. 250428
>
> *Counsel for Plaintiff*

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| WAH SING (US) TRADING LIMITED, LLC, D/B/A EASYBIT ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:16-CV-0504-SCJ |
| DEDRIC DUNCAN, ) | |
| *Defendant* ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: TORCH VENTURES LLC C/O GEORGE BAKER, REGISTERED AGENT
4254 River Green Dr., Unit 604, Fulton, Atlanta, GA 30327, USA

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **See Exhibit A**

| Place: TAYLOR ENGLISH DUMA LLP 1600 PARKWOOD CIRCLE SUITE 400 ATLANTA, GA 30339 | Date and Time: APRIL 18, 1:00 P.M. |
|---|---|

The deposition will be recorded by this method: Stenography

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **See Exhibit B**

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4/8/2016

*CLERK OF COURT*

OR

_____     /s/ Eric S. Fisher Ga Bar 250428
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* WAH SING (US) TRADING LIMITED, LLP, d/b/a EASYBIT , who issues or requests this subpoena, are:
Eric S. Fisher, TAYLOR ENGLISH DUMA LLP, 1600 Parkwood Circle Suite 400, Atlanta, GA 30339
email: efisher@taylorenglish.com.  Phone: 678-336-7238

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* TORCH VENTURES LLC
on *(date)*             .

❒ I served the subpoena by delivering a copy to the named individual as follows:

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| WAH SING (US) TRADING ) | |
| LIMITED, LLC D/B/A EASYBIT, ) | Civil Action |
| ) | No. 1:16-cv-0504 SCJ |
| Plaintiff, ) | |
| ) | |
| DEDRIC DUNCAN, ) | |
| ) | |
| Defendant. ) | |

### EXHIBIT "A" TO SUBPOENA TO TORCH VENTURES LLC
### FOR RULE 30(b)(6) DEPOSITION

The matters on which the witness(es) will be examined include:

### DEFINITIONS

1. As used herein, "Plaintiff" shall refer to Plaintiff Wah Sing (US) Trading Limited, LLC d/b/a Easybit.

2. As used herein, "you" or "your" shall refer to Torch Ventures LLC and its managers, members, officers, directors, employees, agents, representatives, affiliates, parent companies, subsidiaries, alter egos, and/or aliases, including but not limited to Tre Baker, "coinfarm," and/or "torchventures."

3. As used herein, "Defendant" shall refer to Defendant Dedric Duncan and any of his aliases, including but not limited to "pone5," "dedricyoungdunk," and "@dedricyoung."

4. As used herein, "EasyBit Alabama" shall mean and refer to Easybit Alabama, LLC, and its managers, members, officers, directors, employees, agents, and representatives.

5. As used herein, "Kraft Investments" shall mean and refer to Kraft Investments LLC, and its managers, members, officers, directors, employees, agents, and representatives.

6. As used herein, "Bitcoin ATM" shall mean, without limitation, an automatic teller machine (ATM) designed specifically for use with bitcoin.

7. As used herein, the "Relevant Time Period" shall refer to January 1, 2014 to the present.

8. As used herein, "document" shall mean the full scope of documents, data compilations, and tangible things discoverable under the Federal Rules of Civil Procedure and is used in its broadest sense to include, without limitation, the following: Books, statements of account, letters, notes, memoranda, memoranda of understanding, printed forms, reports, communications (interoffice, intra-office, or otherwise), papers, letters, e-mails, cablegrams, mailgrams, telegrams, radiograms,

films, maps, statistical compilations, summaries, minutes, resolutions, records, computerized documents, data, records and files, sound recordings and transcriptions (including of telephone conversations, personal conversations, interviews, meetings, conferences, facts, conclusions, impressions and things similar to the foregoing), manuals, publications, diaries, telexes, engineering reports and notebooks, plats, plans, sketches, summaries of investigations, brochures, surveys, opinions and reports (of expert witnesses, appraisers, or consultants), projections, advertisements, circulars, trade letters, press releases, financial statements, opinions of counsel, corporate records, minutes of board of directors, officer or committee meetings, desk calendars, appointment books, diary entries and notes, correspondence, pamphlets, bills, charts, drawings, catalogs and catalog sheets, agreements, photographs, checks, invoices, ledger sheets, graphs, vouchers, studies, statements, data, and all other writings of any kind, however produced or reproduced, including all non-identical copies of such writings, whether printed, typed, recorded, filmed, stored in a computer media, written, produced by hand or by any other process, and whether an original, master, duplicate or copy, in whatever form and however and by whomever made.

9. As used herein, "person" shall mean, without limitation, any natural person, business, partnership, corporation, governmental entity, or any other entity, and any employee, agent, attorney, or representative of any of the foregoing.

10. As used herein, "relate" (or derivations thereof such as "related" or "relating") shall mean refer, concern, reflect, embody, memorialize, evidence, or otherwise be in any way relevant to.

## DEPOSITION TOPICS

1. Any communications between you and Plaintiff, Defendant, Easybit Alabama, Kraft Investments, and/or Blake Liveoak during the Relevant Time Period.

2. Any currency, including but not limited to bitcoin and U.S. dollars, transferred or exchanged between and among you and Plaintiff, Defendant, Easybit Alabama, Kraft Investments, and/or Blake Liveoak during the Relevant Time Period.

3. Any payments or any kind you have made to, or that you currently owe to, Plaintiff, Defendant, Easybit Alabama, Kraft Investments, and/or Blake Liveoak during the Relevant Time Period

4. Any and all Bitcoin ATM's that you own, operate, manage, or otherwise have a financial interest in that are located in Georgia or Alabama.

5. Any licenses you have, or had, to operate a Bitcoin ATM within the United States.

6. Any registration with the Financial Crimes Enforcement Network ("FinCEN") you have, or had, to operate a Bitcoin ATM within the United States or to otherwise work with bitcoin.

7. All contracts or agreements for the placement of Bitcoin ATM's that you negotiated, signed, or in any way managed or administered during the Relevant Time Period.

8. All contracts or agreements between you and Defendant, Easybit Alabama, Kraft Investments, and/or Blake Liveoak.

9. All documents exchanged between you, or anyone working on your behalf, and Defendant, Easybit Alabama, Kraft Investments, and/or Blake Liveoak, or anyone working on their behalf, including but not limited to emails, text messages, other electronic messages (such as on Skype), and letters, during the Relevant Time Period.

10. The removal or replacement of any EasyBit or EasyBit Alabama Bitcoin ATM's.

11. Any statements made by Defendant, Easybit Alabama, Kraft Investments, and/or Blake Liveoak about Plaintiff and/or Michael Dupree, including but not limited to whether Plaintiff is currently operating in Georgia or Alabama.

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WAH SING (US) TRADING LIMITED, LLC D/B/A EASYBIT, | Civil Action No. No. 1:16-cv-0504 SCJ |
| Plaintiff, | |
| DEDRIC DUNCAN, | |
| Defendant. | |

## EXHIBIT "B" TO SUBPOENA TO TORCH VENTURES LLC FOR RULE 30(b)(6) DEPOSITION

## DEFINITIONS

1. As used herein, "Plaintiff" shall refer to Plaintiff Wah Sing (US) Trading Limited, LLC d/b/a Easybit.

2. As used herein, "you" or "your" shall refer to Torch Ventures LLC and its managers, members, officers, directors, employees, agents, representatives, affiliates, parent companies, subsidiaries, alter egos, and/or aliases, including but not limited to Tre Baker, "coinfarm," and/or "torchventures."

3. As used herein, "Defendant" shall refer to Defendant Dedric Duncan and any of his aliases, including but not limited to "pone5," "dedricyoungdunk," and "@dedricyoung."

4. As used herein, "EasyBit Alabama" shall mean and refer to Easybit Alabama, LLC, and its managers, members, officers, directors, employees, agents, and representatives.

5. As used herein, "Kraft Investments" shall mean and refer to Kraft Investments LLC, and its managers, members, officers, directors, employees, agents, and representatives.

6. As used herein, "Bitcoin ATM" shall mean, without limitation, an automatic teller machine (ATM) designed specifically for use with bitcoin.

7. As used herein, the "Relevant Time Period" shall refer to January 1, 2014 to the present.

8. As used herein, "document" shall mean the full scope of documents, data compilations, and tangible things discoverable under the Federal Rules of Civil Procedure and is used in its broadest sense to include, without limitation, the following: Books, statements of account, letters, notes, memoranda, memoranda of understanding, printed forms, reports, communications (interoffice, intra-office, or otherwise), papers, letters, e-mails, cablegrams, mailgrams, telegrams, radiograms, films, maps, statistical compilations, summaries, minutes, resolutions, records, computerized documents, data, records and files, sound recordings and transcriptions (including of telephone conversations, personal conversations,

interviews, meetings, conferences, facts, conclusions, impressions and things similar to the foregoing), manuals, publications, diaries, telexes, engineering reports and notebooks, plats, plans, sketches, summaries of investigations, brochures, surveys, opinions and reports (of expert witnesses, appraisers, or consultants), projections, advertisements, circulars, trade letters, press releases, financial statements, opinions of counsel, corporate records, minutes of board of directors, officer or committee meetings, desk calendars, appointment books, diary entries and notes, correspondence, pamphlets, bills, charts, drawings, catalogs and catalog sheets, agreements, photographs, checks, invoices, ledger sheets, graphs, vouchers, studies, statements, data, and all other writings of any kind, however produced or reproduced, including all non-identical copies of such writings, whether printed, typed, recorded, filmed, stored in a computer media, written, produced by hand or by any other process, and whether an original, master, duplicate or copy, in whatever form and however and by whomever made.

9. As used herein, "person" shall mean, without limitation, any natural person, business, partnership, corporation, governmental entity, or any other entity, and any employee, agent, attorney, or representative of any of the foregoing.

10. As used herein, "relate" (or derivations thereof such as "related" or "relating") shall mean refer, concern, reflect, embody, memorialize, evidence, or otherwise be in any way relevant to.

## REQUESTED DOCUMENTS

Please produce the following:

1. All documents that constitute or refer or relate to any communications between you and Plaintiff, Defendant, Easybit Alabama, Kraft Investments, and/or Blake Liveoak during the Relevant Time Period.

2. All documents relating to any currency, including but not limited to bitcoin and U.S. dollars, transferred or exchanged between and among you and Plaintiff, Defendant, Easybit Alabama, Kraft Investments, and/or Blake Liveoak during the Relevant Time Period.

3. All documents relating to any payments or any kind you have made to, or that you currently owe to, Plaintiff, Defendant, Easybit Alabama, Kraft Investments, and/or Blake Liveoak during the Relevant Time Period.

4. All documents relating to any and all Bitcoin ATM's that you own, operate, manage, or otherwise have a financial interest in that are located in Georgia or Alabama.

5. All documents relating to any licenses you have, or had, to operate a Bitcoin ATM within the United States.

6. All documents relating to any registration with the Financial Crimes Enforcement Network ("FinCEN") you have, or had, to operate a Bitcoin ATM within the United States or to otherwise work with bitcoin.

7. All contracts or agreements for the placement of Bitcoin ATM's that you negotiated, signed, or in any way managed or administered during the Relevant Time Period.

8. All contracts or agreements between you and Defendant, Easybit Alabama, Kraft Investments, and/or Blake Liveoak.

9. All documents exchanged between you, or anyone working on your behalf, and Defendant, Easybit Alabama, Kraft Investments, and/or Blake Liveoak, or anyone working on their behalf, including but not limited to emails, text messages, other electronic messages (such as on Skype), and letters, during the Relevant Time Period.

10. All documents that reflect or refer or relate to the removal or replacement of any EasyBit or EasyBit Alabama Bitcoin ATM's.