**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **WAH SING (US) TRADING LIMITED, LLC D/B/A EASYBIT,** ) ) ) | |
| **Plaintiff,** ) ) | **Civil Action No. 1:16-cv-0504** |
| **DEDRIC DUNCAN,** ) ) | |
| **Defendant.** ) | |

## PLAINTIFF'S NOTICE OF 30(b)(6) DEPOSITION TO DEFENDANT AND

## NOTICE TO PRODUCE

To: Wah Sing (US) Trading Limited, LLC d/b/a Easybit, C/o Plaintiff's Counsel of record, Michael Eric Ross and Eric S. Fisher 1600 Parkwood Circle, Suite 400 Atlanta, GA 30339

PLEASE TAKE NOTICE that on April 20, 2016 beginning at 9:00 a.m., will take the deposition upon oral examination of a representative of Plaintiff Wah Sing (US) Trading Limited, LLC d/b/a Easybit 30(b)(6) , in the above styled case with knowledge concerning the topics set forth in Exhibit "A" and produce the Documents set forth in Exhibit "B", pursuant to the Schedule for Expedited Discovery [Dkt. 13] signed by Judge Steve C. Jones on 3/16/16 and Fed. R. Civ. P. 26 and 30. The deposition will be taken at Taylor English Duma LLP, 1600 Parkwood Circle, Suite 400, Atlanta, GA 30339. The deposition will be taken before a notary public or other duly authorized by law to administer oaths and record depositions by stenographic means. The deposition will last from day-to-day until completion.

This 18th  day of April, 2016.

/s/ Michael J. Lober

MICHAEL JORDAN LOBER

Georgia Bar No. 455580
Lober & Dobson, LLC
3150 Overland Drive
Roswell, GA 30075
Telephone: 678-461-9800
Facsimile: 678-461-9944
mjlober@lddlawyers.com

# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

WAH SING (US) TRADING      )
LIMITED, LLC D/B/A EASYBIT, )      **Civil Action**
                             )      **No. 1:16-cv-0504 SCJ**
     **Plaintiff,**         )
                             )
**DEDRIC DUNCAN,**        )
                             )
     **Defendant.**        )

## EXHIBIT "A" TO RULE 30(b)(6) DEPOSITION

The matters on which the witness(es) will be examined include:

## DEFINITIONS

1.    As used herein, "Plaintiff" shall refer to Plaintiff Wah Sing (US) Trading Limited, LLC d/b/a Easybit.

2.    As used herein, "you" or "your" shall refer to Plaintiff and its managers, members, officers, directors, employees, agents, representatives, affiliates, parent companies, subsidiaries, alter egos, and/or aliases, including but not limited to Michael Dupree.

3.    As used herein, "Defendant" shall refer to Defendant Dedric Duncan.

4.    As used herein, "EasyBit Alabama" shall mean and refer to Easybit Alabama, LLC, and its managers, members, officers, directors, employees, agents, and representatives.

5.    As used herein, "Kraft Investments" shall mean and refer to Kraft Investments LLC, and its managers, members, officers, directors, employees, agents, and representatives.

6.     As used herein, "Bitcoin ATM" shall mean, without limitation, an automatic teller machine (ATM) designed specifically for use with bitcoin.

7.     As used herein, the "Relevant Time Period" shall refer to January 1, 2013 to the present.

8.     As used herein, "document" shall mean the full scope of documents, data compilations, and tangible things discoverable under the Federal Rules of Civil Procedure and is used in its broadest sense to include, without limitation, the following: Books, statements of account, letters, notes, memoranda, memoranda of understanding, printed forms, reports, communications (interoffice, intra-office, or otherwise), papers, letters, e-mails, cablegrams, mailgrams, telegrams,  radiograms, films, maps, statistical compilations, summaries, minutes, resolutions, records, computerized documents, data, records and files, sound recordings and transcriptions (including of telephone conversations, personal conversations, interviews, meetings, conferences, facts, conclusions, impressions and things similar to the foregoing), manuals, publications, diaries, telexes, engineering reports and notebooks, plats, plans, sketches, summaries of investigations, brochures, surveys, opinions and reports (of expert witnesses, appraisers, or consultants), projections, advertisements, circulars, trade letters, press releases, financial statements, opinions of counsel, corporate records, minutes of board of directors, officer or committee meetings, desk calendars, appointment books, diary entries and notes, correspondence, pamphlets, bills, charts, drawings, catalogs and catalog sheets, agreements, photographs, checks, invoices, ledger sheets, graphs, vouchers, studies, statements, data, and all other writings of any kind, however produced or

reproduced, including all non-identical copies of such writings, whether printed, typed, recorded, filmed, stored in a computer media, written, produced by hand or by any other process, and whether an original, master, duplicate or copy.

9.      As used herein, "person" shall mean, without limitation, any natural person, business, partnership, corporation, governmental entity, or any other entity, and any employee, agent, attorney, or representative of any of the foregoing.

10.      As used herein, "relate" (or derivations thereof such as "related" or "relating") shall mean refer, concern, reflect, embody, memorialize, evidence, or otherwise be in any way relevant to.

## DEPOSITION TOPICS

1.      Any communications between you and Plaintiff, Easybit Alabama, Kraft Investments, Dedric Duncan, and/or Blake Liveoak during the Relevant Time Period.

2.      Any currency, including but not limited to bitcoin and U.S. dollars, transferred or exchanged between and among you, Michael Dupree, Defendant, Easybit Alabama, Kraft Investments, and/or Blake Liveoak during the Relevant Time Period.

3.      Any payments made or monies owed between you, Michael Dupree, Defendant, Easybit Alabama, Kraft Investments, and/or Blake Liveoak during the Relevant Time Period.

4.      Any and all Bitcoin ATM's that you own, operate, manage, or otherwise have a financial interest in that are located in Georgia or Alabama.

5.     Any licenses you have, or had, to operate a Bitcoin ATM within the United States.

6.     Any registration with the Financial Crimes Enforcement Network ("FinCEN") you have, or had, to operate a Bitcoin ATM within the United States or to otherwise work with bitcoin.

7.     All contracts or agreements for the placement of Bitcoin ATM's that you negotiated, signed, or in any way managed or administered during the Relevant Time Period.

8.     All contracts or agreements between you and Defendant, Easybit Alabama, Kraft Investments, and/or Blake Liveoak.

9.     All documents exchanged between you, or anyone working on your behalf, and Defendant, Easybit Alabama, Kraft Investments, and/or Blake Liveoak, or anyone working on their behalf, including but not limited to emails, text messages, other electronic messages (such as on Skype), and letters, during the Relevant Time Period.

10.     The removal or replacement of any EasyBit or EasyBit Alabama Bitcoin ATM's.

11.     Any damages you claim to have suffered due to the actions or inactions of the Defendant, Easybit Alabama, Kraft Investments, and/or Blake Liveoak.

12.     Any steps you have ever taken to protect the name "EasyBit" or any derivation of that name.

13.    The Claims in the above-styled lawsuit.

14.    The accounting mentioned in the above-styled lawsuit.

# EXHIBIT B

## DOCUMENTS TO PRODUCE

### I.  DEFINITIONS

In the following, unless the context indicates otherwise, the following words and phrases are defined and used herein as follows:

A .   "Document" or "documents" shall have their customary broad meanings and shall

include, without limitation, all originals, copies and drafts of all written, typewritten, recorded, transcribed, printed, taped photographic or graphic matter, however produced or reproduced, whether sent or received, or neither, including but not limited to, all books, pamphlets, articles, newspapers, press releases, magazines, booklets, circulars, handbooks, manuals, periodicals, letters, memoranda, files, envelopes, notices, instructions, reports, financial reports, records, studies, transcripts, diaries (formal or informal), audited and unaudited financial statements, working papers, questionnaires, notes, notations, charts, lists, comparisons, telegrams, cables, telex messages, communications (including intra-corporate communications, and reports, notes, notations, and memoranda of, or relating to, telephone conversations and conferences), minutes, transcriptions, correspondence, agreements, graphs, tabulations, analyses, evaluations, tests, projection opinions or reports of consultants, statements, summaries, desk calendars, appointment books,

telephone logs, telephone bills, surveys, indices, tapes, computer inputs or outputs, computer memory, electronic mail, microfilm, magnetic tapes, photographs, installation guides, and instructional material within your possession, custody or control.  Different versions of the same documents, including but not limited to, drafts or documents with handwritten notations or marks not found in the original or on other copies are different documents.

B.      A document which "relates to" or is "incident to" subject matter specified below means any document or communication that concerns, constitutes, contains, embodies, comprises, evidences, responds to, refers to, reflects, identifies, states, deals with, comments upon, responds to, alludes to, describes, names, mentions, analyzes, or is otherwise pertinent to that subject matter, including, but not limited to, documents concerning the preparation of such document and documents from which such document is derived.

C.      As used herein, the term "person" shall mean the plural as well as the singular

including, but not limited to, any individual, natural person, corporation, firm, general partnership, limited partnership, joint venture, association, joint stock company, trust, unincorporated organization, or any other form of business entity or other legal or governmental agency, department, unit or other subdivision thereof.

D.      As used herein, the term "communication" shall mean and include any

transmission

or exchange of information (in the form of facts, ideas, inquiries, or otherwise) between two or more persons, whether orally or in writing, and shall include without limitation any conversation or discussion whether face-to-face or by means of letter, note, memorandum, telephone, video conferencing, telegraph, telex, telecopier, cable, modem, voice mail, or some other electronic or other medium or by any writing or document.

      E.     As used herein, the term "agreement" shall be used in its broadest sense and shall

include any understanding, contract, pact, stipulation, arrangement, side agreement, agreement in principle, either directly or through related or unrelated parties, or other similar relationship, whether written or oral, formal or informal, express or implied and regardless of legal validity or enforceability among two or more persons.

      F.     As used herein, the term "identify," when used in connection with a natural person,

means to state his/her full name and present or last known address and phone number; his/her present or last known position and business affiliation, address and telephone number; and if ever an employee of yours, or under contract or similar type of arrangement or agreement, the precise job or position or title held at any time as of or since the date in question and the dates of service in each such job or position

held; if a former employee of yours, or formerly under a contract or similar type of arrangement or agreement, the date of and reason for termination of the employment and job title at the time of the event, transaction, or occurrence to which the request for information relates.

G.    As used herein, the term "identify," when used in reference to a
          meeting,

communication, or agreement, shall mean to state its date and place; to identify the natural persons or entities that were parties to or have knowledge of the meeting, communication, or agreement; to describe the substance of any discussion involved in such meeting, communication, or agreement; and the method of communication employed (e.g., telephone, correspondence); and to identify every document that depicts, embodies, refers, or relates in any manner to, or reflects in any way such meeting, communication, or agreement.

H.    As used herein, the term "identify" or give the "identity" of, when used
          in

connection with a "person" (as defined above) other than a natural person means to state its name, its place and date of incorporation, its principal place of business, and the identity of the person or persons having knowledge of the matters with respect to which the company is named.

I.    As used herein, the term "identify" when used in reference to a

document means to state the title, heading or caption, if any, of such document; identifying numbers, letters or a combination thereof, if any, and the significance or meaning of such numbers, letters, or combination thereof, if necessary to an understanding of the document for evaluation of any claim or protection from discovery; the date appearing on such document; each date on which it was recorded, each County, record, volume and page where it is recorded, and if no date appears thereon, the answer shall so state, and shall give the date or approximate date on which the document was prepared; the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.) with sufficient particularity so that such document can be precisely identified; the name and capacity of the person who signed such document or in whose name such document was issued, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it; the name and capacity of the person to whom the document was addressed, and the name and capacity of each other person to whom such document, or copy thereof was sent, distributed, or directed; the physical location of the document and every copy thereof and the name of its custodian and the custodian of every copy thereof; and whether it will be voluntarily made available to Defendant for inspection and copying, and if not, the reasons why not.   In lieu of the foregoing, you may attach a legible, true and correct

copy of such document.

J.      As used herein, the term "identify," when used in reference to any event or

occasion, means to describe when the event occurred and where it occurred.

K.      As used herein, "knowledge" in reference to a person shall mean the knowledge of

that person and each of its agents, employees, and/or any other person whose duties and responsibilities include the subject to which the knowledge relates.   Knowledge includes actual as well as constructive knowledge.

M.      As used herein, the term "transaction" is defined as the act of performing, carrying

out, managing, or conducting business.

N.      The following rules of construction apply to all discovery requests:

(1)      The terms "all" and "each" shall be construed as all and each.

(2)      The connectives "and" or "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3)      The use of singular form of any word includes the plural and vice versa.

N.      As used herein, "you" and "your" shall refer to Plaintiff; Wah Sing (US) Trading

Limited LLC.; Wah Sing (HK) Trading Limited; Easy Bit; Easy Bit USA; Michael Dupree, Jr.; as   well as any and all subsidiaries, parent companies, holding companies, associated companies, affiliates or related companies of any defendant, and any and all officers, directors, employees, shareholders, agents, experts, consultants, representatives, or attorneys of any defendant and/or its subsidiaries, parent companies, holding companies, associated companies, related companies, and affiliates including those with either direct or indirect or constructive ownership or in which such persons have common control and/or can assert influence.

O.     As used herein, "Plaintiff" shall refer to Wah Sing (US) Trading Limited LLC.;

Wah Sing (HK) Trading Limited; Easy Bit USA; Easy Bit; Michael Dupree, Jr., as well as any and all subsidiaries, parent companies, holding companies, associated companies, affiliates or related companies, and any and all officers, directors, employees, shareholders, agents, representatives or attorneys of the aforementioned and/or its subsidiaries, parent companies, holding companies, associated companies, related companies and affiliates including those with either direct or indirect or constructive ownership or in which such persons have common control and/or can assert influence.

P.     As used herein, "Plaintiff' refers Wah Sing (US) Trading Limited LLC.; Wah Sing

Trading (HK) Limited and Michael Dupree, Jr. an individual.

Q.      "Communication" includes, but not limited to, all written or oral

discussions,

statements, conversations, memoranda, notations, letters, notices or any documents,

whether or not you were a participant or had personal knowledge thereof.

R.      "Relevant Time" shall mean the period since January 1, 2010 to date

unless

otherwise indicated.

## DOCUMENT REQUESTS

1.      All documents showing the direct or indirect ownership of, organization

relationships, structure of, lines of authority and persons having authority to act for

Plaintiff including:

a.      Plaintiff's Articles of incorporation and amendments thereto;

b.      Plaintiff's Bylaws;

c.      Plaintiff's Minutes of shareholders, directors, and executive

management and/or audit committee meetings relating to officers

and authority, including any resolutions pertaining thereto;

d.      All internal and external organizational charts, reports, and

schedules relating to officers, authority, responsibility,

organization and structure;

    e.    A listing of all officers, directors, executives, key shareholders, and the interrelationships of each; and

    f.    Employment contracts for any person who has been or is an officer, director, executive, or related party.

3.    All documents showing, or relating to, the financial performance of Plaintiff from 2010 to present including:

    a.    Financial statements, balance sheets, income statements, trial balances, statements of earned surplus and any consolidated statement relating to any product sales of Defendant whether prepared internally or externally;

    b.    Weekly, monthly, quarterly, and annual, and/or other interim or flash reports whether audited or unaudited and/or compiled;

    c.    All internal and external reports, schedules, or analyses relating to financial structure, such as reports by management consultants and/or auditors and the like;

    d.    Income tax returns, state and federal, including any amended returns; and

    e.    Insurance policies covering property or acts of Defendant, including but not limited to any and/all insurance policies which

provide coverage for all or part of the claims asserted by Plaintiff in this lawsuit.

4.     All documents stating the general nature of the business of Plaintiff, including any prospectus, advertisements, reports, analyses, licenses, permits, applications for licenses or permits, contracts, agreements, and related documents prepared or issued internally or externally, including documents prepared for or issued by any governmental body.

5.     For the Plaintiff, all organizational charts, policy and procedure manuals or statements, and

other lists of employees, along with their job descriptions, job titles and/or duties, along with addresses and phone numbers, as well as their current employment status.

6.     All documents showing, or relating to, the financial performance of Wah Sing Trading (HK) Limited from 2010 to present including:

a.     Financial statements, balance sheets, income statements, trial balances, statements of earned surplus and any consolidated statement relating to any product sales of Defendant whether prepared internally or externally;

b.     Weekly, monthly, quarterly, and annual, and/or other interim or flash reports whether audited or unaudited and/or compiled;

c.     All internal and external reports, schedules, or analyses relating

to financial structure, such as reports by management consultants and/or auditors and the like;

d.   Income tax returns, state and federal, including any amended returns; and

e.   Insurance policies covering property or acts of Defendant, including but not limited to any and/all insurance policies which provide coverage for all or part of the claims asserted by Plaintiff in this lawsuit.

7.   All documents which evidence that Plaintiff Wah Sing (US) Trading Limited LLC is a subsidiary of Wah Sing (HK)Trading Limited.

8.   All documents evidencing that Plaintiff Wah Sing (US) Trading Limited LLC formed   Easy Bit Alabama as a subsidiary in July of 2015.

9.   All documents which show any compensation paid to Dedric Duncan by Wah Sing

(US) Trading Limited LLC.; Wah Sing Trading (HK) Limited or Michael Dupree, Jr.

10.   All documents stating the general nature of the business of Wah Sing Trading (HK) Limited including any prospectus, advertisements, reports, analyses, licenses, permits, applications for licenses or permits, contracts, agreements, and related

documents prepared or issued internally or externally, including documents prepared

for or issued by any governmental body.

11.    All money transfer license, check cashing license or equivalent thereto for all

states

that Wah Sing (US) Trading Limited LLC.; Wah Sing (HK) Trading Limited; Easy

Bit USA; Easy Bit or Michael Dupree, Jr. operates a Bitcoin ATM(s).

12.    All communications between Michael Dupree, Jr. and Dedric Duncan.

13.    All float sheets for Easy Bit USA and Easy Bit Alabama.

## **CERTIFICATE OF COMPLIANCE**

As required by Local Rule 7.1D, I hereby certify that this pleading has been prepared in Times New Roman 14-point font, one of the font and point selections approved by this Court in Local Rule 5.1B.

s/ Michael J. Lober
Attorney for Defendant

32

## **<u>CERTIFICATE OF SERVICE</u>**

This is to certify that I have served opposing counsel with a copy of the within and foregoing DEFENDANT'S NOTICE OF 30(b)(6) deposition to Plaintiff and Notice to Produce with the Clerk of Court using CM/ECF system which will send notification of such filing to all attorneys of record.

This 18th day of April, 2016.

/s/ Michael J. Lober
_____

MICHAEL JORDAN LOBER
Georgia Bar No. 455580
Lober & Dobson, LLC
3150 Overland Drive
Roswell, GA 30075
Telephone: 678-461-9800
Facsimile: 678-461-9944
mjlober@lddlawyers.com